FILED

2021 Nov-19  AM 09:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**MIDDLE DIVISION**

| | | |
|---|---|---|
| **LESLIE JADE CALDWELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No. 4:21-CV-563-CLM** |
| **DERINDA WILLIAMS,** | ) | |
| **CIRCLE K STORES, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Leslie Jade Caldwell sued Derinda Williams and Circle K Stores, Inc., in the Circuit Court of DeKalb County, Alabama, seeking compensatory and punitive damages after a slip-and-fall incident at a gas station in Fort Payne, Alabama. (Doc. 1-1). After the defendants removed the case to federal court on diversity-jurisdiction grounds (doc. 1), Caldwell moved to remand, arguing that the defendants failed to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. (Doc. 7). For the reasons below, the Court **GRANTS** Caldwell's motion and **REMANDS** this case to the Circuit Court of DeKalb County, Alabama.

# BACKGROUND

According to the state-court complaint, Caldwell stopped at the Circle K gas station in Fort Payne, Alabama, to fill up her vehicle. (Doc. 1-1 at 4). Shortly after Caldwell stepped out of her vehicle, she slipped on diesel fuel and fell. (*Id.*). She later sued Derinda Williams (the on-site Circle K employee) and Circle K Stores, Inc., in state court, alleging that the defendants negligently or wantonly caused or allowed a dangerous condition to exist which led to her injuries. (*Id.* at 4–5). As for injuries, Caldwell alleged that the fall caused her:

(1)  To sustain a right shoulder rotator cuff tear, which required surgery to treat;

(2)  To suffer physical pain, emotional distress, and anguish;

(3)  Permanent injuries;

(4)  Disfigurement;

(5)  Past and future sums of money in the nature of doctor, hospital, drug, and any other medical expenses in an effort to heal and cure her injuries; and,

(6)  Lost earnings and earning capacity.

(*Id.* at 7). Caldwell asks for compensatory damages to redress these injuries, plus punitive damages "that will adequately reflect the wrongfulness of [the defendants'] conduct." (*Id.*).

2

The defendants timely filed a notice of removal. (Doc. 1). In their notice, the defendants asserted that this Court has federal jurisdiction because the parties are diverse and the amount in controversy exceeds $75,000. Caldwell then timely moved to remand the case to state court. (Doc. 7). In her motion, Caldwell argued that the defendants have not met their burden of proving by a preponderance of the evidence that this case satisfies the amount-in-controversy requirement.

## DISCUSSION

Federal courts have "limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a case from state court to federal court if the case "originally could have been filed in federal court." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 391 (1987); *see also* 28 U.S.C. § 1441(a). That means the case must satisfy "one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *PTA–FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir. 2016).

The defendants' notice of removal asserts that the Court has diversity jurisdiction. (Doc. 1 at 6). Diversity jurisdiction requires that (1) the parties be completely diverse; and (2) the amount in controversy exceeds $75,000. 28 U.S.C.

§ 1332. The parties agree that complete diversity exists. (Docs. 1 at 3, 8 at 2 n.1). But Caldwell argues that the defendants have not shown that the amount in controversy more likely than not exceeds $75,000. (Doc. 8 at 1–2).

When a defendant attempts to remove on diversity grounds, "the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Op. Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). But if the plaintiff or the court challenges the allegation, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 88. So the burden is on the removing defendant(s) to prove that the amount in controversy "more likely than not" exceeds $75,000. *Roe v. Michelin N.A., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010). And "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

"When the complaint does not claim a specific amount of damages, removal from state court is [jurisdictionally] proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (alteration in original) (citation omitted). "If a defendant alleges that removability is apparent from

the face of the complaint, the district court must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden." *Roe*, 613 F.3d at 1061. In doing so, the court may "make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Id.* at 1061–62 (quoting *Pretka*, 608 F.3d at 754). And "[i]f the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Pretka*, 608 F.3d at 754. But one thing that courts cannot do in analyzing the amount-in-controversy requirement is engage in "speculat[ion] in an attempt to make up for the notice's failings." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1215 (11th Cir. 2007).

The state-court complaint does not request a specific amount for damages. (Doc. 1-1). Nor does it quantify any of Caldwell's past or expected costs. (*Id.*). But the defendants argue that "[a] fair reading of the Complaint shows that [Caldwell] seeks abundantly more than $75,000 for her claims." (Doc. 8 at 3). In their opposition to Caldwell's motion, the defendants emphasize that: (1) Caldwell requested various forms of compensatory damages; (2) she requested punitive damages; (3) Alabama juries have awarded more than $75,000 in factually similar cases; (4) she impermissibly used artful pleading to prevent federal jurisdiction; and

(5) Caldwell refused to stipulate to the amount in controversy. (Doc. 8). After careful review, the Court finds that these arguments alone are insufficient to meet the defendants' burden of proving that the amount in controversy "more likely than not" exceeds $75,000. *Roe*, 613 F.3d at 1061.

First, it is true that Caldwell seeks several forms of compensatory damages. (Doc. 1-1 at 7). Those damages include the costs of shoulder surgery and future medical treatment; the costs of her pain, emotional distress, and mental anguish; the costs of her lost wages and diminished earning capacity; and the costs of her permanent injuries and disfigurement. (*Id.*). Precedent permits the Court to make "reasonable inferences," *Roe*, 613 F.3d at 1061, but it cannot "speculate." *Lowery*, 483 F.3d at 1215. The complaint offers no method of quantifying the costs of the Caldwell's damages. Nor does the notice of removal. And the defendants have offered no *evidence* to support any valuation of Caldwell's claims. *See Roe*, 613 F.3d at 1061 ("In some cases, this burden requires the removing defendant to provide additional evidence demonstrating that removal is proper."). As a result, Caldwell's compensatory-damages requests are probative of the fact that the amount in controversy is not *de minimis*. But this argument offers only limited support for the proposition that the amount in controversy exceeds $75,000.

Second, Caldwell also seeks punitive damages. (Doc. 1-1 at 7). In evaluating

the amount in controversy, the Court must consider punitive damages "unless it is apparent to a legal certainty that such cannot be recovered." *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987). There is no indication that Caldwell cannot recover punitive damages in this slip-and-fall lawsuit alleging wanton misconduct. As a result, without speculating as to the amount she seeks, Caldwell's request for punitive damages offers additional support for the defendants. *See Hogan v. Mason*, No. 2:16-BE-1732-S, 2017 WL 1331052, at *3 (N.D. Ala. Apr. 11, 2017).[1] But that support is limited by the lack of any evidence through which the Court can infer or deduce how much money Caldwell seeks in compensatory and punitive damages. *See Kidd-Hicks v. Bellemere Props., LLC*, No. 7:18-cv-753-LSC, 2018 WL 4840113, at *3 (N.D. Ala. Oct. 4, 2018).

Third, the defendants highlight Alabama jury verdicts in allegedly similar cases that exceeded the jurisdictional minimum. But the Eleventh Circuit has said that "mere citation to what has happened in the past [did] nothing to overcome the indeterminate and speculative nature of [a plaintiff's] assertion" that a defendant's bad-faith counterclaim satisfied the amount-in-controversy requirement. *Federated*

---

[1] It is true that district courts have "repeatedly recognized" that "a demand for punitive damages alone—especially where, as here, the complaint is silent about the nature and extent of the injuries—is not sufficient to show that the amount in controversy requirement is met." *Crooks v. Murrow's Transfer*, No. 2:21-cv-507-AKK, 2021 WL 2042943, at *2 & n.1 (N.D. Ala. May 21, 2021) (collecting cases). But that does not make such demands irrelevant. It merely stands for the proposition that a demand for punitive damages *alone* is insufficient. That is not the case here.

*Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 809 (11th Cir. 2003). The Court finds that these comparisons do not help the defendants. That a greater-than-$75,000 verdict is theoretically possible is not probative as to whether the plaintiff "more likely than not" seeks such an amount here. *Roe*, 613 F.3d at 1061. That is especially true where there is no evidence that allows for non-speculative quantification of the Caldwell's damages.

Fourth, the defendants accuse Caldwell of using artful pleading to circumvent federal jurisdiction. The defendants quote an Eleventh Circuit opinion that held that plaintiff cannot prevent federal jurisdiction simply by refusing to specify their requested damages. *See Roe*, 613 F.3d at 1064 (explaining that the court would not "prevent[] a district judge from acknowledging the value of the claim, merely because it is unspecified by the plaintiff"). But *Roe* does not stand for the proposition that a plaintiff's refusal to specify her damages is enough on its own to find that the case satisfies the amount-in-controversy requirement. In fact, *Roe* does not even say that a plaintiff's refusal to specify her damages is probative of the actual amount in controversy. As a result, the Court finds that Caldwell's refusal to specify her damages in the state-court complaint (or in her motion-to-remand briefing) does not make it any more likely that her claims satisfy the amount-in-controversy requirement. One reason a plaintiff might not do so is to avoid backing herself into

a corner before discovery. Accordingly, the Court does not consider this argument helpful to the defendants.

Fifth, the defendants point out that Caldwell has refused to stipulate (in her pleadings, briefing, or otherwise) that she seeks less than $75,000. The Eleventh Circuit has held that "a refusal to stipulate standing alone does not satisfy [the removing defendant's] burden of proof on the jurisdictional issue." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1320 (11th Cir. 2001). "But this does not mean that a court may never consider a refusal to stipulate—just that it may not rely on it *alone* to conclude that the required amount in controversy exists." *Sullins v. Moreland*, 511 F. Supp. 3d 1220, 1229 (M.D. Ala. 2021). Accordingly, Caldwell's refusal to stipulate supports the defendants' effort to avoid remand.

Even though the compensatory-damages requests, punitive-damages request, and refusal to stipulate support the defendants, it would still require impermissible speculation for the Court to conclude that the amount in controversy "more likely than not" exceeds $75,000. *See Roe*, 613 F.3d at 1061. That is because no allegations or evidentiary submissions allow for a non-speculative quantification of Caldwell's damages. Mindful of the rule that "all doubts about jurisdiction should be resolved in favor of remand to state court," *Univ. of S. Ala.*, 168 F.3d at 411, the Court finds that the defendants have not met their burden of proving by a preponderance of the

evidence that the amount in controversy exceeds the jurisdictional minimum.

Accordingly, the Court **GRANTS** Caldwell's motion to remand (doc. 7) and **REMANDS** this case back to the Circuit Court of DeKalb County, Alabama. The Court reminds the parties that the case may become removable if the defendants receive "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable," and the defendants may then file a notice of removal within 30 days. 28 U.S.C. § 1446(b)(3).

The Clerk is directed to take the appropriate steps to effectuate the remand.

**DONE** and **ORDERED** on November 19, 2021.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE